Douglas A. Crowder (SB # 140130)
Crowder Law Center, P.C.
303 N. Glenoaks Blvd., Suite 200
Burbank, CA 91502
Tel. 213-509-1515
Fax 877-772-7094
dcrowder@crowderlaw.com

Attorney for Creditor,
Brackett Hangar LLC

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA (LOS ANGELES)

| | |
|---|---|
| In Re:<br><br>ZAHID A. SIDDIQI,<br><br>     Debtor. | Case No. 2:22-bk-15750-WB<br><br>Chapter 13<br><br>OPPOSITION TO MOTION FOR ORDER CONTINUING THE AUTOMATIC STAY; DECLARATION OF ROSS ADACHI<br><br>Date:  11/17/2022<br>Time:  02:00 PM<br>Courtroom: 1375<br>Place:  255 E Temple St., Los Angeles, CA 90012<br>Judge:  Hon. Julia W. Brand |

PLEASE TAKE NOTICE that unsecured creditor, BRACKET HANGAR, Brackett Hangar LLC ("Brackett") on the grounds set forth herein.

1. <u>FACTS</u>

Debtor leased the premises located at 2015 McKinley Avenue, Hangar F3/Office F3, La Verne, CA 91750 beginning on or about 3/1/2017.  The lease was for a one year term, and extended for an additional one year.  Debtor has thus been a month-to-month tenant since 3/1/2019.

Debtor ceased paying rent prior to June, 2020, and has not paid any since.

OPPOSITION

On or about 3/19/2021, Brackett served Debtor with a 3-Day Notice to Pay Rent or Quit. The amount of unpaid rent at that time was $95,075.21. Debtor paid no rent in response to that notice.

On 6/7/2021, Brackett filed an eviction lawsuit against Debtor, in the Superior Court of California, County of Los Angeles, Case No. 21PSCV00470.  According to a Proof of Service signed by a registered process server, Debtor was personally served with the summons and complaint on or about 6/21/2021.

Debtor did not file any response to the lawsuit, and on or about 1/27/2022, a Judgment was entered against Debtor in the amount of $155,181.06.  The judgment provided that "the rental agreement is canceled," and "the lease is forfeited."

(On or about 11/2/2022, Debtor filed an ex parte motion with the L.A. Superior Court to vacate the default judgment.  I am informed that this motion was denied on or about 11/4/2022.)

A Writ of Execution was issued by the Superior Court on 8/15/2022, under which Brackett was entitled to possession of the premises.

At some time shortly after that, Debtor left the premises, however he left a great number of items on the premises, including automobiles, a spray booth, and various items of equipment.

On or about 9/13/2022, Brackett provided Debtor with notice that he could remove the items at any time prior to 10/3/2022, after which time, the items would be disposed of by sale or otherwise.

Because of Debtor's prior bankruptcy filing and his current one, Brackett has not gone forward with the auction and removal of the items.

Debtor still has not removed the items, and seems to have the idea he can leave them there indefinitely because of his bankruptcy filings.

Brackett is not making an effort to collect funds from Debtor.  Brackett simply wants to have its space back, free of Debtor's items, so that it can cut its losses by re-letting the premises.

- 2 -

OPPOSITION

## 2. ARGUMENT

### a. THERE IS NO AUTOMATIC STAY IN EFFECT, EITHER REGARDING THE REAL ESTATE OR THE ITEMS STORED.

11 USC 362 (b) provides, in part:

> The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay-

> (10) under subsection (a) of this section, of any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property;

Here, the lessor, Brackett, leased nonresidential real property to Debtor. That lease expired in 2018, after which time Debtor has been a monthly tenant. Prior to the filing of this Bankruptcy Petition, or the previous Petition, any interest that Debtor might have in the real estate was forfeited by operation of the Superior Court Judgment.

Now, Brackett is still attempting to obtain possession of its real estate. Brackett's right and ability to make full and profitable use of the real estate is prevented by Debtor's unwillingness to remove his items of property. If Debtor does not remove the items in a reasonable time, Brackett should be allowed to move forward with an auction.

### b. DEBTOR'S CHAPTER 13 WAS FILED IN BAD FAITH.

Debtor proposes a totally unworkable plan which cannot be confirmed, and does nothing but delay creditors.

First, Debtor's Schedule I (Docket # 27) lists monthly income at $10,500. Schedule J lists monthly expenses at $10,360, leaving a monthly net income of $140. Meanwhile Debtor's Plan (Docket # 25) proposes monthly payments to the Trustee of $3,500.

Second, Debtor's Chapter 13 Plan proposes to "assume" an "unexpired lease" of the premises, and pay a "cure amount" of $136,000 over 60 months (which is less than the amount of the judgment against Debtor). There is no lease to assume. Debtor was a month-to-month tenant at the time he ceased paying rent, and any tenancy he might have an interest in has

been terminated by the Superior Court judgment.

3.  <u>CONCLUSION</u>

For the foregoing reasons, Creditor Brackett requests that Debtor's motion to extend the stay be denied.

Dated:  11/16/2022      /s/ Douglas A. Crowder
              Douglas A. Crowder
              Attorney for Creditor,
              Brackett Hangar LLC

# Declaration of Ross Adachi

### DECLARATION OF ROSS ADACHI

Ross Adachi states:

1. I have personal knowledge of the matters herein stated, and if called as a witness, could and would competently testify hereto.

2. I am the Manager of Brackett Hangar LLC ("Brackett"), one of the unsecured creditors of the above named Debtor.

3. Debtor leased the premises located at 2015 McKinley Avenue, Hangar F3/Office F3, La Verne, CA 91750 beginning on or about 3/1/2017.  The lease was for a one year term, and extended for an additional one year.  Debtor has thus been a month-to-month tenant since 3/1/2019.

4. Debtor ceased paying rent prior to June, 2020, and has not paid any since.

5. On or about 3/19/2021, Brackett served Debtor with a 3-Day Notice to Pay Rent or Quit.  The amount of unpaid rent at that time was $95,075.21. A copy of that Notice is attached hereto as Exhibit A.  Debtor paid no rent in response to that notice.

6. On 6/7/2021, Brackett filed an eviction lawsuit against Debtor, in the Superior Court of California, County of Los Angeles, Case No. 21PSCV00470.  According to a Proof of Service signed by a registered process server, Debtor was personally served with the summons and complaint on or about 6/21/2021.

7. Debtor did not file any response to the lawsuit, and on or about 1/27/2022, a Judgment was entered against Defendant, a copy of which is attached hereto as Exhibit B.  The amount of the judgment was $155,181.06, and the judgment provided that "the rental agreement is canceled," and "the lease is forfeited."  On 8/10/22, the Court granted an Order correcting a clerical error in the judgment, correcting the address of the premises to 2015 McKinley Avenue, Hangar F3/Office F3, La Verne, CA 91750.

8. (On or about 11/2/2022, Debtor filed an ex parte motion with the L.A. Superior Court to vacate the default judgment.  I am informed that this motion was denied on or about 11/4/2022.0

- 1 -

DECLARATION

9.  A Writ of Execution was issued by the Superior Court on 8/15/2022, under which Brackett was entitled to possession of the premises, a copy of which is attached hereto as Exhibit C.

10. At some time shortly after that, Debtor left the premises, however he left a great number of items on the premises, including automobiles, a spray booth, and various items of equipment.

11. On or about 9/13/22, Brackett provided Debtor with notice that he could remove the items at any time prior to 10/3/22, after which time, the items would be disposed of by sale or otherwise.  A copy of that notice is attached as Exhibit D.  It includes an inventory of the property, but approximately 35 pages of photographs of the items are omitted due to the size of the file.

12. Because of Debtor's prior bankruptcy filing and his current one, Brackett has not gone forward with the auction and removal of the items.

13. Debtor still has not removed the items, and seems to have the idea he can leave them there indefinitely because of his bankruptcy filings.

14. Brackett is not making an effort to collect funds from Debtor.  Brackett simply wants to have its space back, free of Debtor's items, so that it can cut its losses by re-letting the premises.

15. I understand that Debtor's Chapter 13 Plan proposes to "assume" an "unexpired lease" of the premises, and pay a "cure amount" of $136,000 over 60 months (which is less than the amount of the judgment against Debtor).  There is no lease to assume.  Debtor was a month-to-month tenant at the time he ceased paying rent, and any tenancy he might have an interest in has been terminated by the Superior Court judgment.

16. For the foregoing reasons, I respectfully request that the court deny Debtor's motion to continue the automatic stay.

This declaration made under penalty of perjury of the laws of the United States.

Dated: __11-16-22__

Ross Adachi

- 2 -

DECLARATION

# Exhibit A

**3 DAY**
**NOTICE TO PAY RENT OR QUIT**

TO: ZAHID SIDDIQI and all other occupants of the premises specified below

WITHIN THREE DAYS after the service on you of this notice, you are hereby required to pay the rent of the premises hereinafter described, of which you now hold possession, amounting to the estimated sum of Ninety Five Thousand Seventy Five & 21/100 DOLLARS ($95,075.21).

OR QUIT AND DELIVER UP THE POSSESSION OF THE PREMISES.

The premises herein referred to are situated in the city of La Verne, County of Los Angeles, State of California, designated by the number and street as:

1615 McKinley Avenue, Hangar F3/Office F3

YOU ARE FURTHER NOTIFIED THAT IF YOU DO NOT COMPLY WITH EITHER OF THE ABOVE, the undersigned does hereby elect to declare the forfeiture of your lease or rental described premises and lessor will institute legal proceedings to recoverrent and possession of said premises.

FURTHER, THE AMOUNT DEMANDED HEREIN SHALL BE DEEMED "ESTIMATED" PER CALIFORNIA CODE OF CIVIL PROCEDURE 1161.1(a).

PURSUANT TO CCP 1161.1(a), A THREE-DAY NOTICE FOR NONPAYMENT OF RENT ON COMMERCIAL PROPERTY MAY STATE THE AMOUNT DUE AS AN ESTIMATE SO LONG AS THE AMOUNT IS "CLEARLY IDENTIFIED" BY THE NOTICE AS AN ESTIMATE.

PLEASE BE ADVISED THAT OWNER/OWNER'S AGENT HEREBY EXPRESSLY RESERVES ANY AND ALL RIGHTS TO ACCEPT PARTIAL PAYMENTS WITHOUT WAIVING THE RIGHT TO SEEK POSSESSION OF THE SUBJECT PREMISES BASED ON THIS NOTICE. FURTHER, ACCEPTANCE OF PARTIAL PAYMENTS SHALL NOT BE DEEMED A WAIVER OF ANY AND/OR ALL RIGHTS INCIDENT TO THE RENTAL/LEASE BETWEEN THE PARTIES. (CALIFORNIA CODE OF CIVIL PROCEDURE 1161.1(b) et seq.).

THIS IS FURTHER NOTICE THAT DELIVERY OF POSSESSION OF THE PREMISES, OR THE PAYMENT OF THE AMOUNTS DEMANDED IN THIS NOTICE,MUST BE PAYABLE AS INDICATED AND DELIVERED TO THE PERSON INDICATED AS FOLLOWS:

PAYABLE TO:  Brackett Hangar, LLC    DELIVER TO:  Kajima Development Corporation          ADDRESS:  250 E. 1st Street, Suite 301, Los Angeles, CA 90012 TELEPHONE:   (323) 262-8484

DURING NORMAL BUSINESS HOURS: MONDAY – FRIDAY:  8:00 A.M. TO 6:00 P.M.

YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING
ON YOUR CREDIT REPORT MAY BE SUBMITTED TO A CREDIT REPORTING
AGENCY IF YOU FAIL TO FULFILL THE TERMS OF YOUR CREDIT/RENTAL
OBLIGATIONS.

Dated this_____19th_____day of May, 2021

By:_____
      Ross Adachi, Vice President,
      Kajima Development Corporation

Brackett Hangar, LLC
OWNER / LESSOR

Exhibit B

UD-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | |
|---|---|

WILLIAM D. JOHNSON, ESQ. State Bar Number 101708
Johnson & Associates
350 S. Figueroa St., Suite 190, Los Angeles, CA 90071

TELEPHONE NO.: (213) 621-3000    FAX NO. *(Optional):* (213) 621-2900
E-MAIL ADDRESS *(Optional):* johnson@oslaw.com
ATTORNEY FOR *(Name):* Plaintiff Brackett Hangar, LLC

**To keep other people from seeing what you entered on your form, please press the Clear This Form button at the end of the form when finished.**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 400 Civic Center Plaza
MAILING ADDRESS: 400 Civic Center Plaza
CITY AND ZIP CODE: Pomona, 91766
BRANCH NAME: Pomona Courthouse South

**FILED**
Superior Court of California
County of Los Angeles
01/27/2022
Sherri R. Carter, Executive Officer / Clerk of Court
By: _____ V. Salas _____ Deputy

PLAINTIFF: BRACKETT HANGAR, LLC

DEFENDANT: ZAHID SIDDIQI and DOES 1-10

**JUDGMENT—UNLAWFUL DETAINER**

| ☐ By Clerk | ☑ By Default | ☐ After Court Trial |
|---|---|---|
| ☑ By Court | ☐ Possession Only | ☐ Defendant Did Not Appear at Trial |

CASE NUMBER:
21PSCV00470

*(left margin, rotated):* Electronically Received 11/22/2021 02:51 PM

---

**JUDGMENT**

1. ☑ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☐ **Clerk's Judgment** (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (item 4).
   e. ☑ **Court Judgment** (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☑ plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):*

      before *(name of judicial officer):*

   b. Appearances by:
      ☐ Plaintiff *(name each):*            ☐ Plaintiff's attorney *(name each):*
                                             (1)
                                             (2)

      ☐ Continued on *Attachment* 2b (form MC-025).

      ☐ Defendant *(name each):*            ☐ Defendant's attorney *(name each):*
                                             (1)
                                             (2)

      ☐ Continued on *Attachment* 2b (form MC-025).

   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.

   d. ☐ A statement of decision (Code Civ. Proc., § 632)  ☐ was not  ☐ was  requested.

---

Form Approved for Optional Use
Judicial Council of California
UD-110 [New January 1, 2003]

**JUDGMENT—UNLAWFUL DETAINER**

Code of Civil Procedure, §§ 415.46,
585(d), 664.6, 1169

| PLAINTIFF: BRACKETT HANGAR, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT: ZAHID SIDDIQI and DOES 1-10 | 21PSCV00470 |

**JUDGMENT IS ENTERED AS FOLLOWS BY:**  ☐ **THE COURT**  ☐ **THE CLERK**

3. **Parties.** Judgment is

a. ☑ for plaintiff *(name each):* BRACKETT HANGAR, LLC

    and against defendant *(name each):*
    ZAHID SIDDIQI

    ☐ Continued on *Attachment* 3a (form MC-025).

b. ☐ for defendant *(name each):*

4. ☑ Plaintiff  ☐ Defendant   is entitled to possession of the premises located at *(street address, apartment, city, and county):*
    1615 McKinley Avenue, Hangar F3/Office F3
    La Verne, County of Los Angeles, California 91750

5. ☑ Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ.
    Proc., §§ 715.010, 1169, and 1174.3).

6. **Amount and terms of judgment**

a. ☑ Defendant named in item 3a above must pay plaintiff on the    b. ☐ Plaintiff is to receive nothing from defendant
    complaint:                                                              named in item 3b.

    ☐ Defendant named in item 3b is to recover
       costs: $

| | | | |
|---|---|---|---|
| (1) | ☑ | Past-due rent | $ 95,075.21 |
| (2) | ☑ | Holdover damages | $ 56,610 |
| (3) | ☑ | Attorney fees | $ 3,406.85 |
| (4) | ☑ | Costs | $ 897.00 |
| (5) | ☐ | Other *(specify):* | $ |
| (6) | | **TOTAL JUDGMENT** | $ 155181.06 |

       ☐ and attorney fees:  $             .

c. ☑ The rental agreement is canceled.    ☑ The lease is forfeited.

7. ☐ **Conditional judgment.** Plaintiff has breached the agreement to provide habitable premises to defendant as stated in
    *Judgment—Unlawful Detainer Attachment* (form UD-110S), which is attached.

8. ☐ **Other** *(specify):*

    ☐ Continued on *Attachment* 8 (form MC-025).

Date: 01/27/2022

                                                                JUDICIAL OFFICER
                                                    Thomas C. Falls / Judge

Date: _____    ☐ Clerk, by _____ , Deputy

(SEAL)

**CLERK'S CERTIFICATE** *(Optional)*

I certify that this is a true copy of the original judgment on file in the court.

Date:

                Clerk, by _____ , Deputy

For your protection and privacy, please press the Clear This Form
button after you have printed the form.          Save This Form    Print This Form    Clear This Form

Exhibit C

**EJ-130**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: **101780** | FOR COURT USE ONLY |
|---|---|---|

NAME:  William D. Johnson, Esq.
FIRM NAME: Johnson & Associates
STREET ADDRESS: 350 S. Figueroa St., Suite 190
CITY: Los Angeles          STATE: **CA**    ZIP CODE: **90071**
TELEPHONE NO.: (213) 621-3000      FAX NO.:
EMAIL ADDRESS:  johnson@loslaw.com
ATTORNEY FOR (name):  BRACKETT HANGAR, LLC
[X] ATTORNEY FOR  [X] ORIGINAL JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
 STREET ADDRESS: 400 Civic Center Plaza
 MAILING ADDRESS: 400 Civic Center Plaza
CITY AND ZIP CODE: Pomona 91766
 BRANCH NAME: Pomona Courthouse South

| PLAINTIFF/PETITIONER: BRACKETT HANGAR, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ZAHID SIDDIQI | 21PSCV00470 |

|  |  |
|---|---|
| [X] **EXECUTION** (Money Judgment) | [ ] **Limited Civil Case** (including Small Claims) |
| **WRIT OF**  [X] **POSSESSION OF**  [ ] **Personal Property** | [X] **Unlimited Civil Case** (including Family and Probate) |
| [ ] **SALE**  [X] **Real Property** | |

1. **To the Sheriff or Marshal of the County of:** Los Angeles
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): BRACKETT HANGAR, LLC
   is the  [X] original judgment creditor  [ ] assignee of record   whose address is shown on this form above the court's name.

4. **Judgment debtor** (name, type of legal entity if not a natural person, and last known address):

   Zahid Siddiqi
   1155 South Grand Ave., Unit 1108
   Los Angeles, CA 90015

   [ ]  Additional judgment debtors on next page

5. **Judgment entered** on (date): 01/27/2022
   (See type of judgment in item 22.)

6. [ ]  Judgment renewed on (dates):

7. **Notice of sale** under this writ:
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).

8. [ ]  Joint debtor information on next page.

9. [X] Writ of Possession/Writ of Sale information on next page.
10. [ ] This writ is issued on a sister-state judgment.

For items 11–17, see form MC-012 and form MC-013-INFO.

| | |  |
|---|---|---|
| 11. Total judgment (as entered or renewed) | $ | 155,181.06 |
| 12. Costs after judgment (CCP 685.090) | $ | |
| 13. Subtotal (add 11 and 12) | $ | 155,181.06 |
| 14. Credits to principal (after credit to interest) | $ | |
| 15. Principal remaining due (subtract 14 from 13) | $ | 155,181.06 |
| 16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) | $ | 7,866.20 |
| 17. Fee for issuance of writ (per GC 70626(a)(l)) | $ | 40.00 |
| 18. **Total amount due** (add 15, 16, and 17) | $ | 163,087.26 |

19. Levying officer:
   a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) . . . . . . . . . . . . . .  $  42.52 CC
   b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(j)) . . . . . . . . . . . . . .  $  00.00 CC

20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Sherri R. Carter Executive Officer / Clerk of Court

Date: _08/15/2022_      Clerk, by  _C. Calagna_ , Deputy

**NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.**

[SEAL]

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. September 1, 2020]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

EJ-130

| Plaintiff/Petitioner: BRACKETT HANGAR, LLC | CASE NUMBER: |
|---|---|
| Defendant/Respondent: ZAHID SIDDIQI | 21PSCV00470 |

21. ☐ Additional judgment debtor(s) *(name, type of legal entity if not a natural person, and last known address)*:

22. The judgment is for *(check one)*:

   a. ☐ wages owed.

   b. ☐ child support or spousal support.

   c. ☒ other. Unlawful Detainer

23. ☐ Notice of sale has been requested by *(name and address)*:

24. ☐ Joint debtor was declared bound by the judgment (CCP 989-994)

   a. *on (date):*             a. *on (date):*

   b. name, type of legal entity if not a natural person, and    b. name, type of legal entity if not a natural person, and
       last known address of joint debtor:            last known address of joint debtor:

   c. ☐ Additional costs against certain joint debtors are itemized: ☐ below ☐ on Attachment 24c.

25. ☒ (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:

   a. ☒ Possession of real property: The complaint was filed on *(date):*
         *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

     (1) ☒ The *Prejudgment Claim of Right to Possession* was served in compliance with CCP 415.46. The
          judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

     (2) ☐ The *Prejudgment Claim of Right to Possession* was NOT served in compliance with CCP 415.46.

     (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
          judgment may file a *Claim of Right to Possession* at any time up to and including the time the levying officer returns
          to effect eviction, regardless of whether a *Prejudgment Claim of Right to Possession* was served.) *(See CCP
          415.46 and 1174.3(a)(2).)*

     (4) If the unlawful detainer resulted from a foreclosure (item 25a(3)), or if the *Prejudgment Claim of Right to Possession* was
        not served in compliance with CCP 415.46 (item 25a(2)), answer the following:

       (a) The daily rental value on the date the complaint was filed was $314.50

       (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify)*:

*Item 25 continued on next page*

EJ-130

| Plaintiff/Petitioner: BRACKETT HANGAR, LLC | CASE NUMBER: |
|---|---|
| Defendant/Respondent: ZAHID SIDDIQI | 21PSCV00470 |

25. b. ☐ Possession of personal property.

☐ If delivery cannot be had, then for the value *(itemize in 25e)* specified in the judgment or supplemental order.

c. ☐ Sale of personal property.

d. ☐ Sale of real property.

e. The property is described ☒ below ☐ on Attachment 25e.

2015 McKinley Avenue, Hangar F3/Office F3
La Verne, County of Los Angeles, California 91750

---

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

---

EJ-130 [Rev. September 1, 2020]  **WRIT OF EXECUTION**  Page 3 of 3

# Exhibit D

## Notice of Right to Reclaim Abandoned Property

To:
ZAHID SIDDIQI

877 Francisco St.
Apt 1006
Los Angeles, CA 90017

When you vacated the premises at

2015 McKinley Ave Hangar F3/Office F3
La Verne, CA 91750

the following personal property remained:

*(Insert description of the personal property)*     See Attached Brackett Field
Hangar F3 Inventory

You may claim this property at

2015 McKinley Ave Hangar F3/Office F3
La Verne, CA 91750

Unless you pay the reasonable cost of storage for all of the above-described property, and take possession of the property which you claim, not later than October 3, 2022 *(insert date not less than 15 days after notice is personally delivered or, if mailed, not less than 18 days after notice is deposited in the mail)* this property may be disposed of pursuant to Section 1993.07 of the Civil Code.

If you fail to reclaim the property, it will be sold at a public sale after notice of the sale has been given by publication. You have the right to bid on the property at this sale. After the property is sold and the cost of storage, advertising, and sale is deducted, the remaining money will be paid over to the county. You may claim the remaining money at any time within one year after the county receives the money

Dated: Sept. 13, 2022

*William Johnson attorney for Brackett Hangar LLC*
*(213)621-3000*
*c/o Johnson & Associates, 350 S. Figueroa St., #190, L.A., CA 90071*

# Brackett Field

## Hangar F3 Inventory

- McLaren
- Vintage Ford Mustang
- 69 Cadillac
- 2 BMW SUV's
- Dodge Challenger Wide body
- Ford Bronco
- Spray Booth
- Spray Booth prep station with curtain, filter, and fan.
- Shop press
- Air compressor
- Nissan GT-R
- Belt sander
- Engine hoist
- Sheet metal cutter/ break
- Snap on toolbox
- Socket wrenches various sockets
- Craftsman router table and toolbox with tools
- Craftsman toolbox with welding supplies and straps
- Craftsman toolbox with tools cutters and shop supplies
- Band saw
- Drill mill machine
- Screwdrivers and wrenches
- Atlas 2 post lift
- CNC metal cutter
- Oxy Acetylene and 3 welders
- Direct (brand) 4 post lift
- Fan
- Welding helmets
- Ladders
- Paint supplies and paint
- Tool trays
- Office desk, conference table, bookshelf, office swivel chairs
- Books
- Various wall art and pictures
- 2 security cameras
- Various car parts (hoods, fenders, seats)
- Flat screen TV
- Couch
- Filing cabinet

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

303 N. Glenoaks Blvd., Suite 200
Burbank, CA 91502

A true and correct copy of the foregoing document entitled (*specify*):
OPPOSITION TO MOTION FOR ORDER CONTINUING THE AUTOMATIC STAY;
DECLARATION OF ROSS ADACHI

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _11/16/2022____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

    **Nancy K Curry (TR)**    TrusteeECFMail@gmail.com
    **Arvind Nath Rawal**    arawal@aisinfo.com
    **Karel Rocha**    krocha@pnbd.com, jmiller@pnbd.com
    **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐                                                        Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __11/16/22_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

By email to Debtor - Zee Siddiqi <zeedesignz@gmail.com>

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/16/2022 | Douglas A. Crowder | /s/ Douglas A. Crowder |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.